## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>        v.<br><br>**DONALD JONES, III**<br><br>        Defendant. | CR. No. 11-082S |

### NON-PARTY GOOGLE'S MOTION TO QUASH
### WITNESS SUBPOENA AND MEMORANDUM IN SUPPORT

### I.     INTRODUCTION

Fed. R. Evid. 902(11) is intended to obviate the need for a live witness to authenticate business records in federal trials. To that end, Google has provided the government with 902(11) declarations to authenticate and admit certain of its business records that the government intends to use at the trial scheduled in this matter for May 16, 2012. And in fact, the government has conceded, and this Court has agreed, that Google's production is self-authenticating and admissible without the testimony of a Google witness. *See* Government's Motion in Limine Re Business Records (Motion in Limine), 1-2; Minute Entry Granting Motion in Limine, (April 27, 2012); Declaration of Randy Tyler ("Tyler Decl.," Ex. 1). Nevertheless, the government has served Non-party Google with a witness subpoena to authenticate its business records at trial. *See* Tyler Decl., Exhibit 3 (hereafter, the "Witness Subpoena"). Despite the dictates of Rule 902(11), the Witness Subpoena demands that Google produce a records custodian who can provide testimony on information that is well within the ambit of information covered by Rules 803(6) and 902(11).

Importantly, after speaking with Google's counsel, the Government actually withdrew an earlier, identical subpoena to Google, only to reverse course several days later and demand that Google (a non-party located in Mountain View, California) keep a records custodian "on hold,"

ready to fly to Rhode Island on a moment's notice. Tyler Decl., Ex. 1-2. The Government's attempt to reissue a previously withdrawn subpoena is both abusive and burdensome to Google, particularly in light of the fact that the Government has previously conceded that Google's testimony is unnecessary. The unreasonableness of the subpoena is exacerbated by the fact that it seeks to compel a Google records custodian to fly to across the country on less than 24 hours' notice, after previously confirming with Google's counsel that no live testimony would be required. Accordingly, Google files this motion to quash, and respectfully submits that the Witness Subpoena should be quashed because Google's business records can be authenticated and admitted without live testimony, thus rendering the Witness Subpoena unreasonable and oppressive. *See* Fed. R. Cr. P. 17(c)(2).

## II.   FACTUAL BACKGROUND

On March 23, 2011, Google received a Subpoena Duces Tecum from the Government requesting certain business records. Declaration of Darren Hubbard ("Hubbard Decl."), ¶ 4. On March 25, 2011, Google produced 3 pages of documents in response to the Subpoena Duces Tecum. *Id*.

On October 4, 2011, Google received a Search Warrant from the Government requesting certain business records. Hubbard Decl., ¶ 5. On October 7, 2011, Google produced a CD containing responsive data in response to the Warrant. *Id*. These responsive records were accompanied by declaration of Google's records custodian in compliance with Federal Rule of Evidence 902(11). Hubbard Decl., Ex. 2.

On May 7, 2012 a witness subpoena dated that same day was served upon Google by the Government, pursuant to Rule 17 of the Federal Rules of Criminal Procedure (the "Withdrawn Subpoena"). Hubbard Decl., Ex. 1. The Withdrawn Subpoena demanded the attendance of a

witness (or witnesses) at the trial in this matter to authenticate the documents produce by Google in response to the Warrant/Subpoena Duces Tecum. *Id*.

On May 10, 2012, Google produced a duplicate of the production responsive to the Subpoena Duces Tecum, which was accompanied by declaration of Google's records custodian in compliance with Federal Rule of Evidence 902(11). Hubbard Decl., ¶ 6, Ex. 3.

Google's counsel has attempted to resolve this matter without the Court's intervention, explaining that the Withdrawn Subpoena was unreasonable and oppressive in light of the declarations that accompanied Google's document productions. Tyler Decl., ¶ 2. Ostensibly agreeing that live testimony was unnecessary, counsel for the Government withdrew the Withdrawn Subpoena on May 11, 2012. Tyler Decl., Ex. 1. However, on May 14th, Government's counsel reversed course, stating that the Government wants a Google witness "on hold just in case there is an issue getting the [business] records in," providing Google with a mere one day to respond to this new and unexpected development. Tyler Decl., Ex. 2. And on May 15th, Google received the Witness Subpoena, which was nearly identical to the Withdrawn Subpoena and which purported to require a Google records custodian to appear in court in Rhode Island at 9:00 AM the following day. Tyler Decl., Ex. 3. Despite Google's good faith effort to resolve this matter without court intervention, and despite the Government's motion in limine, this Court's minute entry, *and* the Government's *prior withdrawal* of the nearly identical Withdrawn Subpoena, the Government continues to seek the unnecessary aid of a Google records custodian to authenticate records that are clearly self-authenticating business records.

## III.   ARGUMENT

Pursuant to Federal Rule of Criminal Procedure 17(c)(2), "the court may quash or modify [a] subpoena if compliance would be unreasonable or oppressive." *See, e.g., United States v. Bergeson,* 425 F.3d 1221, 1227-28 (9th Cir. 2005) (upholding a district court order quashing a

subpoena for testimony pursuant to Fed. R. Crim. P. 17(c)(2)); *U.S. v. Weldon*, No. CRIM.A. 05-45-DLB, 2006 WL 905932, at *1 (E.D. Ky., Apr. 7, 2006) ("the Court has the inherent authority to review the propriety of trial subpoenas.").

**A.     The Testimony Contemplated by the Witness Subpoena is Duplicative and Unnecessary**

The Government's request is obviated by this Court's April 27, 2012 Minute Entry, granting the government's Motion in Limine to have Google's production admitted as a self-authenticated business record. Minute Entry Granting Motion in Limine, (April 27, 2012). As the government noted, Federal Rule of Evidence 803(6) provides an exception to the hearsay rule for records of regularly conducted activity "as shown by the testimony of the custodian or other qualified witness, *or by certification that complies with Rule 902(11)*…." (emphasis added). *See* Motion in Limine, 1-2.

Federal Rule of Evidence 902(11) provides that extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect to the following:

> **(11) Certified Domestic Records of Regularly Conducted Activity.**—The original or a duplicate of a domestic record of regularly conducted activity that would be admissible under Rule 803(6) if accompanied by a written declaration of its custodian or other qualified person, in a manner complying with any Act of Congress or rule prescribed by the Supreme Court pursuant to statutory authority, certifying that the record—
>
> **(A)** was made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;
>
> **(B)** was kept in the course of the regularly conducted activity; and
>
> **(C)** was made by the regularly conducted activity as a regular practice.

> A party intending to offer a record into evidence under this paragraph must provide written notice of that intention to all adverse parties, and must make the record and declaration available for inspection sufficiently in advance of their offer into evidence to provide an adverse party with a fair opportunity to challenge them.

In the case at bar, there is no dispute that the documents produced by Google in response to both the Warrant and the Subpoena Duces Tecum are business records under Rule 803(6). There is also no dispute that the declarations that accompanied Google's production in response to the Warrant and Subpoena Duces Tecum are in compliance with Federal Rule 902(11). In fact, the government has conceded, and this court has agreed, that these records are self-authenticating and admissible without Google's testimony. *See* Motion in Limine at 1-2 ("The government maintains that these records are admissible under Rules 803(6) and 902(11) of the Federal Rules of Evidence, even in the absence of a stipulation or live testimony "); Minute Entry. The documents produced by Google in response to the Warrant and Subpoena Duces Tecum have been expressly authenticated and, as the Government has previously stated to this Court, its request for further testimony as to their authenticity is duplicative, unreasonable and the declarations do not present any colorable issues under the Confrontation Clause of the United States Constitution. Motion in Limine, 3-4 (stating that Google's production, among others, are admissible business records, and that "it is well-established that business records are not testimonial and therefore may be admitted without running afoul of the Confrontation Clause"); *U.S. v. Yeley-Davis*, 632 F.3d 673, 677-81 (10th Cir. 2011) (rejecting Confrontation Clause challenge from defendant and upholding admission of phone records authenticated by 902(11) declaration from Verizon's records custodian); *United States v. Green,* 396 Fed. Appx. 573, 574-75, 2010 WL 3401485, at *2 (11th Cir. 2010) (same as to declaration from Metro PCS custodian) (unpublished); *cf. U.S. v. Weiland*, 420 F.3d 1062, 1077 (9th Cir. 2005) (requiring

records custodians "to make themselves available for cross-examination in the countless criminal cases heard each day in our country would present a serious logistical challenge without any apparent gain in the truth-seeking process") (internal quotation marks omitted); *U.S. v. Marshall*, No. 07-20569-CR, 2008 WL 2474662, at *2 (S.D. Fla. June 17, 2008) (ordering "issuance of a subpoena to the records custodian of Yahoo, accompanied by an appropriate Affidavit for the records custodian to complete to establish the authenticity of these [email] records to obviate the need for the appearance of the records custodian at trial."); *U.S.. v. Doolittle*, 341 F. Supp. 163, 169 (M.D. Ga. 1972) (quashing witness subpoena where the only possible relevant testimony would involve ministerial matters already covered by an affidavit before the court), *judgment aff'd*, 507 F.2d 1368 (5th Cir. 1975), *on reconsideration*, 518 F.2d 500 (5th Cir. 1975) *and cert. dismissed*, 423 U.S. 1008, 96 S. Ct. 439, 46 L. Ed. 2d 380 (1975); *see also* 7 Fed. Proc. Forms § 20:485 ("a subpoena to testify may be quashed where . . . the only possible relevant testimony would involve material already covered by an affidavit before the court").

As the government notes, the purpose of the Rule is to "allow for the foundational requirements to be satisfied by a certification in order to avoid the expense and inconvenience of producing time-consuming foundation witnesses." Motion in Limine, 3. Indeed, to enforce the Government's Witness Subpoena and compel Google to send a witness (or witnesses) to provide live testimony on these issues would defeat the very purpose for which Rule 902(11) was enacted, for as noted by one of the drafters of the rule:

> One of the most useful (though perhaps least noticed) accomplishments of the Judicial Conference's Advisory Committee on the Rules of Evidence during this Court's tenure as its Chairman was in adding a new Rule 902(11) to the self-authentication provisions of Rule 902. That new provision was intended to obviate the need for live witnesses to parade to the stand to support the admission into evidence of business records.

*United Asset Coverage, Inc. v. Avaya Inc.,* 409 F. Supp. 2d. 1008, 1052 (N.D. Ill. 2006); *see also Lorraine v. Markel American Insurance Co.,* 241 F.R.D. 534, 552 (D. Md. 2007) ("Rule 902(11) also is extremely useful because it affords a means of authenticating business records under Rule 803(6), one of the most used hearsay exceptions, without the need for a witness to testify in person at trial"); *DirecTV, Inc. v. Reyes,* No. 03 C 8056, 2006 WL 533364, at *3 (N.D. Ill. Mar. 2, 2006) ("The purpose of Rule 902(11) . . . is to establish a 'procedure by which parties can authenticate certain records of regularly conducted activity, other than through the testimony of a foundation witness.'") (quoting Advisory Committee Notes, 2000 Amendments to Rule 902).

Under Rule 17(c)(2), the Court may also consider whether the information requested by a subpoena is procurable from other sources. *U.S. v. Nixon*, 418 U.S. 683, 699-700 (1974). In that regard, courts have repeatedly approved testimony from law enforcement officials regarding the use of electronic communications services, thus obviating the need for a Google employee to testify as to matters that are readily ascertainable by any Google user, including a government agent. *U.S. v. Cameron,* 729 F. Supp. 2d 411, 416-18 (D. Me. 2010) (discussing government's intended use of testimony from FBI agent to "explain how Google Hello operated; how the user created an account and set options; how the user identified and accepted 'friends;' how chat occurred; how images were traded and saved; how the chat and images were displayed during chat sessions; and how the chat logs and the images were available for later access and use by the user."); *U.S. v. Hallock*, No. 10–10421, 2011 WL 4894398, at *2 (9th Cir. Oct. 14, 2011) (affirming testimony by FBI agent regarding Google service) (unpublished); *U.S. v. Weste*, 419 Fed. Appx. 507, 509, 2011 WL 1057566, at *2 (5th Cir. Mar. 23, 2011) (describing testimony from "a government case agent . . . that the IP addresses from which several of the threatening emails were sent could be traced to [defendant]") (unpublished).

**B.      The Burden Imposed on Google by Complying With the Witness Subpoena Outweighs the Government's Need for Testimony**

In assessing whether to enforce a witness subpoena issued pursuant to Federal Rule of Criminal Procedure 17, it is useful to look to precedent under Federal Rule of Civil Procedure 45, since the two are "substantially the same." *See* Advisory Committee Notes, 1944 Adoption of Rule 17.

When assessing a motion to quash a subpoena issued pursuant to Federal Rule of Civil Procedure 45, "the test for 'undue burden' is a balancing test that pits the need of the party for the sought production against the interests of the subpoenaed witness in resisting compliance." *See* 9 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 45.32 (3d ed. 2007) citing *Positive Black Talk, Inc. v. Cash Money Records, Inc.,* 394 F.3d 357, 377 (5th Cir. 2004); *Northwestern Mem'l Hosp. v. Ashcroft,* 362 F.3d 923, 927-28 (7th Cir. 2004); *Heidelberg Ams., Inc. v. Tokyo Seisakusho, Ltd.* 333 F.3d 38, 40 (1st Cir. 2003); *Schaaf v. SmithKline Beecham Corp.*, No. 3:06-CV-120-J-25TEM, 2006 WL 2246146, at *2-3 (M.D. Fla. Aug. 4, 2006) (applying balancing test in quashing non-party subpoena); *In re Duque*, 134 B.R. 679, 683 (Bankr. S.D. Fla. 1991), *on remand,* 154 B.R. 93 (S.D. Fla. 1993).

This Court has already granted the Government's Motion in Limine to admit Google's records as self-authenticated business records. And the Government has already withdrawn a nearly identical Witness Subpoena, only to reverse course at the last minute. Tyler Decl., Ex. 2-3. Accordingly, the Government cannot demonstrate any interest in enforcing the Witness Subpoena beyond proving that which has already been proven and acknowledged by this Court: the documents produced by Google are authentic business records under Federal Rules of Evidence 803(6) and 902(11).

Google, on the other hand, can demonstrate a significant interest in opposing the Witness Subpoena, which unreasonably seeks to compel a Google records custodian to fly clear across the country on less than 24 hours' notice to provide testimony that the Government has previously conceded is unnecessary. *See* Motion in Limine, 1-2. Further, as a practical matter, Google's security office, responsible for responding to legal process, receives literally thousands of requests for assistance on a daily basis. *Id*. These requests run the gamut from national security matters, kidnappings and other emergencies, to routine civil and criminal demands for records. *Id*. Numerous courts throughout the country have accepted Google's declarations of authenticity for business records pursuant to Rule 902(11). Hubbard Decl., ¶ 2. If courts suddenly refused to accept Google's declarations of authenticity, and Google was therefore forced to send a witness (or witnesses) to attend each and every civil and criminal trial in which its business records are offered as evidence, it would be simply impossible for Google to sufficiently staff its security office in order to comply with all of its legal obligations. *Id*.

In addition, Google's "non-party status is a significant factor [the] court must consider when assessing undue burden" for purposes of a motion to quash. *WM High Yield v. O'Hanlon, et al.,* 460 F. Supp. 2d 891, 895-96 (S.D. Ind. 2006) (granting non-party's motion to quash a subpoena under Rule 45); *S.E.C. v. Seahawk Deep Ocean Technology, Inc.,* 166 F.R.D. 268 (D. Conn. 1996).

Accordingly, when the Government's tenuous interest in enforcing the Witness Subpoena is weighed against non-party Google's interest in seeing that it is not enforced, the balance favors Google.

## IV. CONCLUSION

For the reasons stated, the Witness Subpoena is unreasonable and oppressive and should therefore be quashed in its entirety.

|  |  |
|---|---|
| Dated: May 16, 2012 | Respectfully submitted,<br><br>GOOGLE INC.<br><br>By its attorneys,<br><br>/s/ Richard S. Rosenstein<br>Richard S. Rosenstein<br>RIBA #338<br>NUTTER MCCLENNEN & FISH LLP<br>Seaport West<br>155 Seaport Blvd.<br>Boston, MA 02210-2604<br>(617) 439-2563<br>rosenstein@nutter.com<br><br>*Of counsel:*<br>Allison D. Burroughs (Mass. BBO #609346)<br>Benjamin L. Mack (Mass. BBO #661590)<br>NUTTER MCCLENNEN & FISH LLP<br>Seaport West<br>155 Seaport Boulevard<br>Boston, MA 02210-2604<br>(617) 439-2788<br>aburroughs@nutter.com<br>bmack@nutter.com |

## CERTIFICATE OF SERVICE

  I hereby certify this 16th day of May, 2012, that I served copies of the foregoing and all attachments via ECF upon each of the parties listed below:

| | |
|---|---|
| Stephen G. Dambruch, Esq. | Charles A. Tamuleviz, Esq. |
| Leslie J. Kane, Esq. | DarrowEverett, LLP |
| U.S. Attorney's Office | 1 Turks Head Place |
| Fleet Center | Suite 1200 |
| 50 Kennedy Plaza | Providence, RI 02903 |
| 8th Floor | |
| Providence, RI 02903 | *Attorney for Defendant* |

*Attorneys for the United States*

                 /s/ Richard S. Rosenstein
                 Richard S. Rosenstein