UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CR NO.: 11-082S |
| ) | |
| DONALD J. JONES, III ) | |

### DEFENDANT'S, DONALD J. JONES, III, MEMORANDUM IN AID OF SENTENCING

I.  BACKGROUND

On December 22, 2011, a federal grand jury for the District of Rhode Island returned a six count Superseding Indictment in which the Defendant, Donald J. Jones, III, was charged with (i) aggravated sexual abuse – with children, in violation of 18 U.S.C. § 2241(c); (ii) use of facility of interstate commerce to attempt to entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b); (iii) traveling to engage in illicit sexual conduct, in violation of 18 U.S.C. §§ 2423(b) and (f); (iv) transportation of child pornography, in violation of 18 U.S.C. §§ 2252(a)(1) and (b)(1); (v) possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(b) and (b)(2); and (vi) felony by registered sex offender, in violation of 18 U.S.C. § 2260A. On May 22, 2012, a jury returned guilty verdicts as to all six counts against Mr. Jones.

The United States Probation Office prepared a Presentence Investigation Report ("PSR") which was made available to the Defendant and his counsel. The PSR indicates that the Defendant has a Criminal History Category of V, and a Total Offense Level of forty-one (41). The applicable guidelines sentencing range is computed to be 360 months to life imprisonment, plus a mandatory consecutive term of ten years. However, pursuant to 18 U.S.C. § 2241(c), the sentencing enhancement contained in 18 U.S.C. § 3559(e)(1) and the ten year mandatory consecutive term for the conviction under Count VI, the PSR finds the applicable guideline range

1

to be restricted to life imprisonment plus ten years consecutive. Mr. Jones is scheduled to be sentenced on January 7, 2013.

II.     ARGUMENT

Mr. Jones objects to the contents of the third paragraph of the Prosecution Version as set forth in the PSR. Specifically, he objects to the following two statements: (1) where it states that the defendant expressed his desire to meet and "...engage in sexual relations..." with the undercover agent's fictitious daughter; and (2) where it states that the defendant communicated with the undercover agent of his intention to "...engage in acts of sexual penetration..." with the agent's fictitious daughter. The defendant denies having made such statements to the undercover agent.

Mr. Jones objects to the two level increases he received in paragraphs nos. 16, 23 and 32 of the PSR. In all three instances, the two level adjustment is attributed to the use of a computer and/or the internet. Mr. Jones objects to the foregoing because he never communicated via the internet directly with the purported victim.

According to the PSR, paragraph no. 75, a sentence of life imprisonment is mandated in this case pursuant to 18 U.S.C. § 3559(e)(1). The foregoing sentencing enhancement applies when a defendant has been convicted of a Federal sex offense in which a minor is the victim and the defendant has a prior sex conviction in which a minor was the victim. The term "federal sex offense" is defined in the statute as including an offense under 18 U.S.C. § 2241, which Mr. Jones was convicted of in Count One of the instant indictment. However, a "minor" was not the victim of that offense. Specifically, 18 U.S.C. § 3559(e)(2)(D) defines the term "minor" as an individual who has not attained the age of 17 years. The Government contends that the victim in this case was the fictitious eight year old daughter of the undercover agent. The statutory

2

definition of minor refers to an "individual", i.e., an actual person as opposed to a fictitious one. If Congress had intended the term "minor" to include fictitious people, the language defining that term could have easily reflected such intention. For example, the term "intended victim" could have been included in the statute. Given the clear and unambiguous language used to define the term minor in the statute, it is evident that a fictitious person does not fall within the ambits of that definition. As such, the mandatory sentencing enhancement of life imprisonment pursuant to 18 U.S.C. 3559(e)(1) is not applicable to Mr. Jones.

Assuming for purposes of argument only that Mr. Jones could be sentenced to a mandatory term of life imprisonment, such a sentence would violate the Cruel and Unusual Punishments clause of the Eighth Amendment to the United States Constitution. The Cruel and Unusual Punishments Clause prohibits sentences that are grossly disproportionate to the crime committed. See, e.g., Solem v. Helm, 463 U.S. 277, 284 (1983). A criminal sentence must be proportionate to the crime for which the defendant has been convicted. Solem, at 290. A court's proportionality analysis should consider the following criteria: (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other jurisdictions. Solem, at 292. In a concurring opinion in Harmelin v. Michigan, 501 U.S. 957, 1005 (1991), Justice Kennedy modified the Solem test by indicating that a court must first consider the nature of the crime and its relation to the punishment imposed. Only if that analysis results in a finding of disproportionality should a court then consider punishment for other offenses within its jurisdiction and the punishment for similar offenses in other jurisdictions. Id.

Application of the first prong of the proportionality analysis establishes that a sentence of life imprisonment in this specific case is disproportionate to the underlying crime. Mr. Jones

3

does not assert that a violation of 18 U.S.C. § 2241(c) is not a serious offense. However, the spectrum of conduct covered by the statue is broad. Mr. Jones' conduct falls at the lesser end of the spectrum. First, the conduct at issue constituted an attempt, not a fully consummated offense. Second, the purported victim of the offense was a fictitious persona, not an actual individual. As such, the purported object of the offense was impossible to achieve. Finally, Mr. Jones never had any sexually explicit conversations or communications with the fictitious victim. The foregoing factors render a sentence of life imprisonment disproportionate to the offense set forth in Count One of the Indictment.

Applying the second prong of the disproportionality analysis supports Mr. Jones' position that a life imprisonment sentence would violate the Eighth Amendment. Attached hereto and marked as Exhibit A is a copy of Table 7, Length Of Imprisonment By Primary Offense Category for Fiscal Year 2011, as set forth in the United States Sentencing Commission's Statistical Information Packet for the District of Rhode Island. The foregoing Table establishes that in child pornography cases in the District of Rhode Island, the mean sentence was 78 months and the median sentence was 72 months. The highest mean and median sentences, 90 months and 84 months respectively, in Rhode Island were for robbery cases. According to the PSR Mr. Jones is 48 years old and in overall good health. As such, a sentence of life imprisonment would be tantamount to a sentence of 30 or 40 years, or more, which would be grossly disproportionate.

Reference to Table 7 is also illustrative regarding the third prong of the proportionality analysis, i.e., the punishment for similar offenses in other jurisdictions. In child pornography cases nationally, the mean sentence was 121 months and the median sentence was 84 months. For sexual abuse cases, the national mean and median sentences were 125 months and 108 months, respectively. Given the probable length of a sentence of life imprisonment to Mr. Jones,

4

disproportionality with sentences in other jurisdictions for similar offenses is evident. Accordingly, sentencing Mr. Jones to life imprisonment would violate the Cruel and Unusual Punishments clause of the Eighth Amendment.

III.   CONCLUSION

In consideration of the foregoing, the Defendant, Donald J. Jones, III, respectfully requests that this Court sustain his objections to the PSR as set forth above, rule that the sentencing enhancement set forth in 18 U.S.C. § 3559(e)(1) is inapplicable to him, and that a sentence of life imprisonment under the circumstances of this case would violate the Eighth Amendment of the United States Constitution.

Respectfully submitted this 3rd day of January, 2013.

> DONALD J. JONES, III
> By his Attorneys,
>
> /s/ Charles A. Tamuleviz
> Charles A. Tamuleviz  Bar No. 6115
> DarrowEverett LLP
> One Turks Head Place
> Suite 1200
> Providence, RI 02903
> Tel.: (401) 453-1200
> Fax: (401) 453-1201
> Email: ctamuleviz@darroweverett.com

## CERTIFICATION

I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered Participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered participants on January 3, 2013.

/s/ Charles A. Tamuleviz
Charles A. Tamuleviz  Bar No. 6115
DarrowEverett, LLP
One Turks Head Place, Suite 1200
Providence, Rhode Island 02903
Telephone: 401.453.1200
Facsimile: 401.453.1201
E-mail: ctamuleviz@darroweverett.com

## Table 7

### LENGTH OF IMPRISONMENT BY PRIMARY OFFENSE CATEGORY
### Fiscal Year 2011

| PRIMARY OFFENSE | National | | | Rhode Island | | |
|---|---|---|---|---|---|---|
| | Mean Months | Median Months | Number | Mean Months | Median Months | Number |
| **TOTAL** | 49 | 27 | 73,891 | 53 | 46 | 167 |
| Murder | 241 | 210 | 73 | -- | -- | 1 |
| Manslaughter | 57 | 39 | 60 | -- | -- | 0 |
| Kidnapping/Hostage Taking | 226 | 188 | 69 | -- | -- | 0 |
| Sexual Abuse | 125 | 108 | 389 | -- | -- | 0 |
| Assault | 44 | 30 | 559 | -- | -- | 1 |
| Robbery | 85 | 65 | 931 | 90 | 84 | 7 |
| Arson | 64 | 60 | 52 | -- | -- | 0 |
| Drugs - Trafficking | 74 | 60 | 23,129 | 56 | 51 | 73 |
| Drugs - Communication Facility | 40 | 41 | 362 | -- | -- | 1 |
| Drugs - Simple Possession | 5 | 3 | 494 | -- | -- | 0 |
| Firearms | 89 | 60 | 7,350 | 77 | 62 | 24 |
| Burglary/B&E | 24 | 23 | 46 | -- | -- | 0 |
| Auto Theft | 77 | 27 | 60 | -- | -- | 0 |
| Larceny | 18 | 12 | 566 | -- | -- | 1 |
| Fraud | 30 | 18 | 6,064 | 40 | 11 | 14 |
| Embezzlement | 17 | 12 | 184 | -- | -- | 0 |
| Forgery/Counterfeiting | 23 | 18 | 669 | -- | -- | 0 |
| Bribery | 25 | 18 | 153 | -- | -- | 0 |
| Tax | 23 | 18 | 406 | -- | -- | 1 |
| Money Laundering | 37 | 24 | 629 | -- | -- | 2 |
| Racketeering/Extortion | 89 | 60 | 671 | 61 | 68 | 6 |
| Gambling/Lottery | 11 | 12 | 22 | -- | -- | 0 |
| Civil Rights | 46 | 24 | 37 | -- | -- | 1 |
| Immigration | 18 | 12 | 26,808 | 19 | 14 | 22 |
| Child Pornography | 121 | 84 | 1,817 | 78 | 72 | 7 |
| Prison Offenses | 15 | 12 | 394 | -- | -- | 0 |
| Administration of Justice Offenses | 25 | 18 | 845 | 31 | 30 | 4 |
| Environmental/Wildlife | 12 | 6 | 52 | -- | -- | 0 |
| National Defense | 70 | 37 | 78 | -- | -- | 0 |
| Antitrust | 14 | 10 | 8 | -- | -- | 0 |
| Food & Drug | 28 | 16 | 18 | -- | -- | 0 |
| Other Miscellaneous Offenses | 34 | 12 | 896 | -- | -- | 2 |

Of the 86,201 guideline cases, 12,310 cases were excluded for one or both of the following reasons: zero months of prison ordered (11,546), or missing or indeterminable sentencing information (764).

Of the 212 guideline cases from the District of Rhode Island, 45 cases were excluded due to one of the following reasons: zero months of prison ordered (44) or missing or indeterminable sentencing information (1).

SOURCE: U.S. Sentencing Commission, 2011 Datafile, OPAFY11.



EXHIBIT A

10