UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Vs. ) | CR No.:  11-082S |
| ) | |
| DONALD J. JONES, III ) | |

DEFENDANT'S, DONALD J. JONES, III,
SUPPLEMENTAL MEMORANDUM IN AID OF SENTENCING

The Defendant, DONALD J. JONES, III, by and through his undersigned counsel, hereby submits the instant Memorandum to assist the Court in imposing sentence in the instant case. Initially, the Defendant realleges and incorporates herein by reference the arguments raised in his initial Memorandum In Aid Of Sentencing, which was filed with the Court on January 3, 2013. In addition, pursuant to United States v. Ticchiarelli, 171 F.3d 24 (1st Cir. 1999), the Defendant asserts the following additional arguments:

In paragraph no. 44 of the Presentence Investigation Report ("PSR") a five level adjustment is included in the guidelines calculation pursuant to U.S.S.G. § 2G2.2(b)(7)(D) based upon the subject offense involving more than 600 images.  The term "images" is defined in Application Note 4(A) of the Commentary to U.S.S.G. § 2G2.2.  Essentially, the term "images" means any visual depiction that constitutes child pornography.  The PSR in paragraph no. 44 indicates that there were 112 images and 104 videos.  Pursuant to Application Note 4(B)(ii) of U.S.S.G. § 2G2.2 each video is considered to have 75 images for purposes of the guidelines. The factual basis for the 104 videos is set forth in the Prosecution Version of the PSR, which appears to use the terms "videos" and "links" interchangeably.  The defendant asserts that a "link" is not a visual depiction that constitutes child pornography as defined by Application Note

1

4(A), inasmuch as a link does not contain video images, but merely a web address.  Accordingly, the Defendant objects to the five level enhancement set forth in paragraph no. 44.

Pursuant to <u>Paroline v. United States</u>, 134 S.Ct. 1710 (2014), the Defendant objects to the inclusion of any amount of restitution as part of his sentence.  Said objection is premised upon the absence of a sufficient evidentiary record upon which to base a restitution calculation.

The Defendant asserts an objection to the enhancements contained in paragraph nos. 26, 33 and 41, inasmuch as the "victim" in the instant case was not an actual person, but was fictitious.  He further asserts that the fictitious victim's age, as chosen by the case agent, constitutes sentencing guidelines manipulation.  As such, the Defendant objects to the three aforementioned enhancements.

<u>CONCLUSION</u>

In consideration of the foregoing, the Defendant respectfully requests that his objections to the PSR be sustained and that his guidelines sentencing range be adjusted accordingly.

Respectfully submitted this 10th day of September, 2014.

        Defendant, Donald J. Jones, III
        By his Attorneys

        <u>/s/ Charles A. Tamuleviz</u>
        Charles A. Tamuleviz, Esq., Bar No. 6115
        Nixon Peabody, LLP
        One Citizens Plaza, Suite 500
        Providence, RI  02903
        Telephone:  401.454.1040
        Facsimile:  401.454.1030
        E-Mail: ctamuleviz@nixonpeabody.com

<u>CERTIFICATION</u>

      I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered Participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as nonregistered Participants on September 10, 2014.

      <u>/s/ Charles A. Tamuleviz</u>
      Charles A. Tamuleviz, Esq., Bar No. 6115
      Nixon Peabody, LLP
      One Citizens Plaza, Suite 500
      Providence, RI  02903
      Telephone:  401.454.1040
      Facsimile:  401.454.1030
      E-Mail: ctamuleviz@nixonpeabody.com