UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CR11-082S |
| | : | |
| DONALD JONES | : | |

### GOVERNMENT'S RESPONSE TO DEFENDANT'S
### SUPPLEMENTAL MEMORANDUM IN AID OF SENTENCING

Defendant raises multiple objections to the Revised Presentence Investigation Report. He also alleges that the government engaged in "sentencing guidelines manipulation."

First, the defendant may very well be prohibited from attempting to re-litigate or newly raise these objections and claims at his resentencing. United States v. Ticchiarelli, 171 F.3d 24 (1st Cir. 1999). Even if not procedurally barred, the objections are either substantively meritless or without practical impact.

Defendant's proposed exclusion of the video links would not impact his guideline calculation. The trial evidence, which is summarized in the prosecution version, clearly established that the defendant possessed and/or transmitted a total of seventy-six videos and 112 images, as well as links to twenty-eight additional videos. Using the formula set forth in USSG § 2G2.2, comment (n. 4(B)(ii)), the seventy-six videos equate to 5700 images. Even without the inclusion the links, the total number of

images for guidelines calculation purposes is 5812. That number far exceeds the 500 images required to qualify for the five level enhancement under USSG § 2G2.2(b)(7)(D).

Whether or not the minor victim was a real person is irrelevant for purposes of determining the applicability of the guideline enhancements referenced in paragraphs 26, 33 and 41 of the Revised Presentence Investigation Report. The guideline definition of minor includes a fictitious individual. USSG § 2G1.3, comment (n. 1); § 2A3.1, comment (n. 1); and, § 2G2.2, comment (n. 1). Therefore, the enhancements are properly included.

Similarly, the defendant's claim of sentencing manipulation is also without merit. Sentencing factor manipulation occurs when law enforcement agents venture outside the scope of legitimate investigation and engage in extraordinary misconduct that improperly enlarges the scope or scale of the crime. United States v. Barbour, 393 F.3d 83, 86 (1st Cir. 2004). To establish a manipulation claim, defendant must show that the agents overpowered the free will of the defendant and caused him to commit a more serious offense than he was predisposed to commit. Id.

In the instant case, the evidence introduced at trial (e.g., defendant's web postings; the recorded telephone conversations, email exchanges, and chats between the defendant and the undercover agent; defendant's possession and distribution of pornographic images and videos depicting very young children; etc.), combined with the defendant's criminal history, demonstrates that the government afforded the defendant an opportunity to commit the crimes that he was predisposed and eager to commit. The absence of any evidence that the government attempted to escalate the

seriousness of the offense conduct as originally proposed further negates defendant's sentencing manipulation allegation.  United States v. Villafane-Jimenez, 410 F.3d 74, 87 (1st Cir. 2005).

Lastly, the defendant objects to the Court ordering the defendant to pay restitution.  Since none of the victims have yet requested restitution, the Court need not address this issue at this time.

        RESPECTFULLY SUBMITTED,

        UNITED STATES OF AMERICA
        By its Attorneys,

        PETER F. NERONHA
        UNITED STATES ATTORNEY

        /s/ Stephen G. Dambruch
        _____
        STEPHEN G. DAMBRUCH
        Assistant U. S. Attorney
        R.I. Bar No. 3309
        U.S. Attorney's Office
        50 Kennedy Plaza - 8th Floor
        Providence, RI 02903
        (401) 709-5000

Certificate of Service

      I hereby certify that on the 10th day of September, 2014, a copy of the within Government's Response was served on Charles Tamuleviz, Esquire, by way of the Electronic Case Filing system.

      /s/ Stephen G. Dambruch
      _____
      STEPHEN G. DAMBRUCH